**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STEPHANIE RIDGWAY, | ) | 3:15-cv-00002-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SUN VALLEY GENERAL IMPROVEMENT | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant Sun Valley General Improvement District ("defendant") operates the Sun Valley pool ("the pool"). (Mot. Summ. J. Ex. 1 (Ariztia Aff. ¶ 4)). Defendant, a political subdivision of the State of Nevada, assumed control of the pool from Washoe County in 2010. *Id.* Plaintiff Stephanie Ridgway ("plaintiff"), a citizen of California, visited the pool on June 20, 2014. (*See* Compl. ¶¶ 1, 4). After going down one of the water slides, plaintiff struck her foot on the bottom of the pool. (Compl. ¶ 5). Plaintiff suffered injuries as a result of the incident and sought medical treatment. (Compl.

1

1  ¶ 10).

2      On January 2, 2015, plaintiff filed a complaint (#1) against

3  defendant asserting  a single claim for breach of duty to exercise

4  reasonable care.  Before the court is defendant's motion for summary

5  judgment (#19).  Plaintiff responded (#20) and defendant replied

6  (#23).

7  **Standard**

8      In a diversity case, substantive summary judgment issues are

9  determined by state law.  *Bank of Cal. v. Opie,* 663 F.2d 977, 980 (9th

10  Cir. 1981).  Summary judgment shall be granted "if the movant shows

11  that there is no genuine issue as to any material fact and the movant

12  is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

13  The burden of demonstrating the absence of a genuine issue of material

14  fact lies with the moving party, and for this purpose, the material

15  lodged by the moving party must be viewed in the light most favorable

16  to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

17  157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th

18  Cir. 1998).  A material issue of fact is one that affects the outcome

19  of the litigation and requires a trial to resolve the differing

20  versions of the truth.  *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804

21  F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d

22  1301, 1306 (9th Cir. 1982).

23      Once the moving party presents evidence that would call for

24  judgment as a matter of law at trial if left uncontroverted, the

25  respondent must show by specific facts the existence of a genuine

26  issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

27  (1986).  "[T]here is no issue for trial unless there is sufficient

28  evidence favoring the nonmoving party for a jury to return a verdict

1  for that party.   If the evidence is merely colorable, or is not
2  significantly probative, summary judgment may be granted."   *Id.* at
3  249-50 (citations omitted).   "A mere scintilla of evidence will not
4  do, for a jury is permitted to draw only those inferences of which the
5  evidence is reasonably susceptible; it may not resort to speculation."
6  *British Airways Board v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.
7  1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.
8  579, 596 (1993) ("[I]n the event the trial court concludes that the
9  scintilla of evidence presented supporting a position is insufficient
10 to allow a reasonable juror to conclude that the position more likely
11 than not is true, the court remains free . . . to grant summary
12 judgment.").   Moreover, "[i]f the factual context makes the non-moving
13 party's claim of a disputed fact implausible, then that party must
14 come forward with more persuasive evidence than otherwise would be
15 necessary to show there is a genuine issue for trial."   *Blue Ridge*
16 *Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing
17 *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*,
18 818 F.2d 1466, 1468 (9th Cir. 1987)).   Conclusory allegations that are
19 unsupported by factual data cannot defeat a motion for summary
20 judgment.   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).
21 **Analysis**
22     As an initial matter, plaintiff and defendant agree that Nevada
23 law applies to this case.   (*See* Mot. Summ. J.; Pl. Opp'n to Mot. Summ.
24 J.).
25     Under Nevada law, political subdivisions are provided immunity
26 for: (1) failing to inspect, whether or not a duty to inspect exists;
27 or (2) failing to discover a hazard, whether or not an inspection is
28 performed.   NEV. REV. STAT. § 41.033(1).   As the Nevada Supreme Court

3

1  explained in *Nardozzi v. Clark County School District*, 108 Nev. 7, 9,

2  823 P.2d 285, 287 (1992), immunity under NRS § 41.033(1)"will not bar

3  actions based upon a public entity's failure to act reasonably when

4  it has express knowledge of a hazard."   *See also Chastain v. Clark*

5  *Cty. Sch. Dist.*, 109 Nev. 1172, 1175, 866 P.2d 286, 288 (1993)*; Lotter*

6  *v. Clark Cty. Bd. of Comm'rs*, 106 Nev. 366, 793 P.2d 1320 (1990).

7  Plaintiff has set forth specific facts showing a genuine issue for

8  trial as to whether defendant had express knowledge of a hazard prior

9  to plaintiff's injury.

10      The crux of defendant's motion is that there is no evidence that

11  anyone other than plaintiff has ever been significantly injured by

12  striking the bottom of the pool after using the slide.   Defendant

13  provided an affidavit from Michael Ariztia, Public Works Director for

14  defendant from August 1, 2007, through June 12, 2015, which states

15  that all incidents involving injuries to patrons at the pool were

16  reported to him.   (Mot. Summ. J. Ex. 1 (Ariztia Aff. ¶ 5)).   The

17  affidavit states that Mr. Ariztia is not aware of any incidents at the

18  pool where a patron was "injured significantly enough to require any

19  medical attention by virtue of coming into contact with the bottom of

20  the swimming pool after using one of the slides."   (*Id.* at ¶ 8).

21      Additionally, Mr. Ariztia's affidavit states that when defendant

22  began operating the pool, Washoe County never advised it "of any

23  particular or unusual problems" with the slides.   (*Id.* at ¶ 6).   Mr.

24  Ariztia asserts that "the most common incidents involving the slides

25  at the pool involved young children who used the slides and had to be

26  rescued from the water when they could not touch the bottom because

27  the pool was too deep for them or because they were otherwise in

28  distress."   (*Id.* at ¶ 7).   Defendant claims that plaintiff's incident

4

1  was unprecedented and, therefore, argues that the absence of prior

2  accidents demonstrates that defendant had no express knowledge that

3  an adult using the water slide could strike the bottom of the pool

4  with sufficient force to cause significant injury.  Defendant contends

5  that it is entitled to immunity because there is no admissible

6  evidence showing that it had express knowledge of a hazard.

7       Plaintiff, however, provided depositions from two lifeguards at

8  the Sun Valley pool who testified that, prior to the incident with

9  plaintiff on June 20, 2014, other users of the slide scraped the

10 bottom of the pool.  (Pl. Opp'n to Mot. Summ. J. Ex. 5 (Pachnik Dep.

11 11:9-24), Ex. 6 (Ray Dep. 10:24-25, 11:1-25, 12:1-5, 13:10-15)).  One

12 of the lifeguards also testified that he hit the bottom of the pool

13 after using the water slide.  (Pl. Opp'n to Mot. Summ. J. Ex. 6 (Ray

14 Dep. 12:6-8)).

15      In reply defendant asserts that the testimony from the lifeguards

16 supports its contention that defendant "was not on actual notice of

17 any condition in the pool's waterslide that is relevant to Plaintiff's

18 injury, i.e., a situation where someone significantly injured

19 themselves after using the slide and striking the bottom of the pool."

20 (Reply to Mot. Summ. J. at 6).  Defendant highlights the difference

21 between hitting the bottom of the pool and striking the bottom of the

22 pool with significant force to cause any sort of injury.  (*Id.* at 9).

23 Thus, Defendant focuses on its lack of express knowledge of the

24 potential consequences from the alleged hazard.

25      The Nevada Supreme Court has found that the issue of whether the

26 governmental entity had express knowledge of the existence of the

27 alleged hazardous condition is distinct from whether the governmental

28 entity acknowledged that it constituted a hazardous condition.  *See*

5

1   *Chastain v. Clark Cty. Sch. Dist.*, 109 Nev. 1172, 1178, 866 P.2d 286,

2   289 (1993).   In *Chastain v. Clark County School District*, the Nevada

3   Supreme Court stated that "Nardozzi does not require that the public

4   entity acknowledge as hazardous a condition of which it has express

5   knowledge.  Rather, the entity need only have express knowledge of the

6   existence of the condition."[1]  *Id.*  Thus, defendant's emphasis on the

7   severity of injuries is misplaced because "whether a particular

8   condition constitutes a hazard is a question of fact for the jury."

9   *Id.* at 1178.  Moreover, in *Chastain*, the Nevada Supreme Court defined

10  the alleged hazardous conditions as the "sandbox low in sand and the

11  broken bottles therein," and did not connect it to Chastain's injury,

12  i.e. a child getting pushed into the sandbox and being injured

13  significantly enough to require any medical attention.  *Id.* at 1172.

14  For purposes of determining immunity, the issue is whether defendant

15  knew the depth of the pool was a hazard, not whether the depth of the

16  pool would cause significant injuries requiring medical attention.

17      In ruling on a motion for summary judgment, the court must

18  construe the evidence and the inferences which flow from the evidence

19  in the light most favorable to the non-moving party, here plaintiff

20  Stephanie Ridgway.  *See Guidroz-Brault v. Missouri Pacific R. CO.*, 254

21  F.3d 825, 829 (9th Cir. 2001).  The evidence presented in this case

22  can lead to the inference that defendant had express knowledge of the

23  alleged hazard.   Thus, plaintiff has raised a genuine issue of

24  material fact that precludes summary judgment on the issue of whether

25  the defendant is entitled to governmental immunity.   Therefore,

26

27      [1] The court finds defendant's efforts to distinguish the facts of this case from *Chastain* and
    *Nardozzi* unavailing. (Reply to Mot. Summ. J. at 11-12).  The statute does not differentiate between
28  transient/temporary hazardous conditions and fixed/static hazardous conditions. *See* NEV. REV. STAT.
    § 41.033(1).

1  defendant's motion for summary judgment (#19) is **DENIED.**

2  IT IS SO ORDERED.

3  DATED: This 18th day of November, 2015.

4

5  *Howard D McKibben*

    _____
    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28