Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty Street
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Stephanie Ridgway*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEPHANIE RIDGWAY,

   Plaintiff,

                              Case No.: 3:15-cv-00002-HDM-WGC

   vs.

SUN VALLEY GENERAL IMPROVEMENT    **JOINT PRETRIAL ORDER**
DISTRICT,
Defendant(s),
_____/

Following pretrial proceedings in this cause,

IT IS ORDERED:

I.

This is a premises liability action for damages brought by Plaintiff STEPHANIE RIDGWAY against Defendant SUN VALLEY GENERAL IMPROVEMENT DISTRICT ("SVGID") due to an incident where Ridgway suffered a broken ankle after using waterslide at a pool owned and operated by SVGID. SVGID denies liability in this matter, and alleged defenses as set forth more fully in its Answer to the Plaintiff's complaint.

II.

Statement of jurisdiction: This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties (at the time of the incident, the Plaintiff resided in Concord, California) and the Plaintiff's damages are claimed to be in an amount that exceeds $75,000, i.e. the amount in controversy exceeds $75,000 due to the medical expenses that the Plaintiff has incurred and the painful nature of her injuries, for which

she claims to be entitled to compensation under law.

III.

The following facts are admitted by the parties and require no proof:

1. On June, 20, 2014 the Plaintiff was swimming and recreating with her family at the swimming pool owned and operated by SVGID located at 115 West 6th Avenue in Sun Valley, Nevada (hereinafter "the Pool").

2. The Plaintiff went down the "Blue Team Tube" waterslide at the Pool and struck the bottom of the Pool with her foot.

3. Striking the bottom of the pool caused a fracture to the Plaintiff's ankle.

4. The Plaintiff required medical treatment after fracturing her ankle.

5. SVGID owns and operates the Pool.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None

V.

The following are the issues of fact to be tried and determined upon trial.

1. Whether other persons had hit the bottom of the pool after using the Blue Team Tube waterslide before the Plaintiff was injured using the slide.

2. Whether SVGID had express knowledge other persons had hit the bottom of the pool after using the Blue Team Tube waterslide before the Plaintiff was injured using the slide.

3. The nature and extent of the Plaintiff's injuries and damages, including medical damages and pain and suffering.

VI.

The following are the issues of law to be to be tried and determined upon trial.

1. (Plaintiff's Position Only) Whether SVGID exercised reasonable care not to subject Ridgway to an unreasonable risk of harm. *Riley v. OPP IX, L.P.*, 112 Nev. 826, 919 P.2d 1071 (1996).

2. Whether the Defendant had express knowledge of the alleged dangerous condition of the waterslide before the Plaintiff was injured. *Davenport v. County of Clark*, 111 Nev. 467 (Nev. 1995).

3. Whether the Defendant subsequently failed to act reasonably after becoming aware the dangerous condition of the waterslide. *Davenport v. County of Clark*, 111 Nev. 467 (Nev. 1995).

VII.

The Plaintiff seeks an order of the Court setting a deadline for the submission of motions in limine and time for responses thereto.

VIII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the Clerk:

(1) Plaintiff's exhibits.

1.     The certified medical records and bills from Contra Costa Health Services marked as Bates Nos. Ridgway v. SVGID - FRCP 26 2nd Supp. Disc. 1-188 and Ridgway v. SVGID - Fourth Supp. - Bates Nos. 1-5.

2.     The certified medical records and bills from REMSA marked as Bates Nos. Ridgway v. SVGID - FRCP 26 2nd Supp. 189-198

3.     The certified medical records and bills from Renown marked as Bates Nos. Ridgway v. SVGID - FRCP 26 2nd Supp. 200-253

4.     The certified medical records and bills from John Muir Medical Center-Concord marked as Bates Nos. Ridgway v. SVGID - FRCP 26 3rd Supp. 1-25

5.     Image of scar marked as Ridgway v. SVGID 0014

6.     SVGID Incident Report (Attached to Complaint as Exhibit 1)

7.     Picture of Slides - DEFT000015 through DEFT000018

(2) Defendant's exhibits.

1.     None, other than set forth above by the Plaintiff.

(b) As to the following additional exhibits the parties have reached the stipulations stated:

(1) Set forth stipulations as to plaintiff's exhibits.

None

(2) Set forth stipulations as to defendant's exhibits.

None

(c) As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

(1) Set forth objections to plaintiff's exhibits.

3

1.   Affidavit of Cynthia Sanchez – Defendant objects on the grounds of hearsay, relevance, foundation.

(2) Set forth objections to defendant's exhibits.

1.   None

(d) Depositions:

(1) Plaintiff will offer the following depositions: (Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.)

1.   The June 11, 2015 Deposition of Denny L. Hope

a). Against SVGID.  Complete deposition, including for impeachment of the witness: p. 7 line 8; p. 8 line 8; p 11 line 25; p. 12 line 25; p. 13 line 8;

2.   The June 11, 2015 Deposition of Brian Pachnik

a). Against SVGID. Complete Deposition, including or impeachment of the witness: p. 7 line 20; p. 8 line 3; p. 10 line 21; p. 11 line 9-24; p. 12 line 15-25; p. 13 line 1-25; p. 14 line 16-25;

3.   The June 11, 2015 Deposition of Collin Ray

a). Against SVGID. Complete Deposition, including for impeachment of the witness: p. 10 line 8-21; p. 10-11 line 24-8; p. 11-12 lines 20-14; p 12 line 6- 8; p. 12 line 13-19; p. 13 line 10-23; p 14 lines 2-25; p. 16 line 12-25; p 19 lines 11-20; p 20 line 3-8;

4.   The July 22, 2015 Deposition of Stephanie Ridgway

a). Against SVGID.  Complete deposition.

5.   The July 23, 2015 Deposition of Sophia Roman

a). Against SVGID.  Complete deposition.

6.   The July 23, 2015 Deposition of Cynthia Sanchez

a). Against SVGID.  Complete deposition.

(2) Defendant will offer the following depositions: (Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against who offered.)

1.   The July 22, 2015 Deposition of Stephanie Ridgway

4

a). For impeachment of the witness

2.      The July 23, 2015 Deposition of Sophia Roman

a). For impeachment of the witness

3.      The July 23, 2015 Deposition of Cynthia Sanchez

a). For impeachment of the witness


(e) Objections to Depositions:

(1) Defendant objects to plaintiff's deposition as follows:

a). Defendant's position is that the use of Depositions is governed by the provisions of FRCP 32.

(2) Plaintiff objects to defendant's depositions as follows:

a). Plaintiff's position is that the use of Depositions is governed by the provisions of FRCP 32.


IX.

The following witnesses may be called by the parties upon trial:

(a) Names and addresses of plaintiff's witnesses.

1. Stephanie Ridgway

2. Sophia Roman

3. Cynthia Sanchez

4. Denny Hope

5. Brian Pachnik

6. Colin Ray

(b) Names and addresses of defendant's witnesses.

1. Witnesses identified by Plaintiff

2. Mike Aritza

X.

Counsel have met and herewith submit a list of three (3) agreed-upon trial dates: Feb 29 to March 4, 2016; March 7 to 11, 2016; and March 14 to 18, 2016.  It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

XI.

It is estimated that the trial herein will take a total of 5 days.

Approved as to form and content:


By: _____
Charles Burcham, Esq.
Thorndal Armstrong
6590 S. McCarran Blvd. Suite B.
Reno, NV 89509
*Attorney for the Defendant*

By: _____

 Luke Busby, Esq.
Nevada State Bar No. 10319
216 East Liberty Street
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for Stephanie Ridgway*

XI.

## ACTION BY THE COURT

(a) This case is set down for Court/jury trial on the fixed/stacked calendar on

_____. Calendar call shall be held on_____.

(b) An original and two (2) copies of each trial brief shall be submitted to the Clerk on or before_____.

(c) Jury trials:

(1) An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before _____.

(2) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on voir dire shall be submitted to the Clerk for filing on or before _____.

(d) Court trials:

Proposed findings of fact and conclusions of law shall be filed on or before

_____.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.

This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED: _____.


_____

UNITED STATES DISTRICT JUDGE or

UNITED STATES MAGISTRATE JUDGE