Charles Burcham, Esq.
State Bar No. 2673
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
clb@thorndal.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE RIDGWAY,<br><br>                              Plaintiff,<br>vs.<br><br>SUN VALLEY GENERAL IMPROVEMENT DISTRICT,<br><br>                              Defendants. | CASE NO.   3:15-cv-00002-HDM-WGC<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS AND PROPOSED ADDITIONAL SPECIAL VOIR DIRE QUESTIONS** |

COMES NOW Defendant, Sun Valley General Improvement District, by and through its attorneys, Thorndal Armstrong Delk Balkenbush & Eisinger, and hereby submits its response and opposition to Plaintiff's Proposed Voir Dire Questions [ECF No. 36] and additional proposed special voir dire questions.

**I.**

**DEFENDANT'S RESPONSE AND OPPOSITION
TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Plaintiff submitted 24 proposed voir dire questions.  This Court has already indicated that it will not ask proposed Question No. 24 and will usually ask jurors if they can follow the law as they are instructed by the Court.

Along the same lines, Plaintiff's proposed voir dire question 23 states as follows:  "Do you agree that if someone is injured by the negligence of another, that they should entitled (sic) to be compensated for their medical costs and pain and suffering?"

This is another question that basically asks the jurors to determine what should be the

law. Defendant therefore objects to this question. If the Court feels that this type of question is warranted, then it should be mutual, such as the following:

- Do you have any belief that would prevent you from returning a verdict for the Plaintiff if it was justified by the evidence?
- Do you have any belief that would prevent you from returning a verdict for the Defendant if that was justified by the evidence?

Should the Court believe that Plaintiff's proposed voir dire question 23 is warranted, then again Defendant suggests that the following question also be asked:

- If the evidence in this case should show that Defendant did not act improperly, would you have any hesitation returning a verdict in favor of Defendant and against the Plaintiff?

Otherwise, Defendant does not have any objection to asking proposed voir dire questions 1-22.

## II.

## PROPOSED ADDITIONAL VOIR DIRE QUESTIONS

1. Has any prospective juror or close family member ever sustained a broken bone that required surgical intervention? If so, was the surgery successful or unsuccessful in treating the condition?

2. Has any prospective juror or close family member ever sustained an injury in a swimming pool? If so, what was the type of injury sustained?

3. Do you now or have you ever owned your own business?

4. If you answered yes to the foregoing question, please state the number of employees (not including yourself) and describe the nature of the business.

5. Have you or your current spouse/partner or family member ever served in the military?

6. If you answered yes to the foregoing question, please list who served, the branch of the service, and the dates of service.

7. Have you, or anyone close to you, sued someone else, made any kind of claim for personal injury, made a claim for disability, made a claim for workers' compensation benefits,

been involved in a lawsuit of any kind in any capacity (other than divorce)?  If yes to any of the foregoing, please explain.

       8.      If yes to the above, were you satisfied with the outcome?

       9.      Have you or anyone close to you been sued by anyone else?  If so, please explain.

      10.     If yes to the above, were you satisfied with the outcome?

      11.     Have you, a member of your family or a close personal friend ever had special training in law, medicine and/or accident investigation or reconstruction?

The foregoing are the special voir dire questions for potential jurors.  It is understood that the Court will ask the majority of voir dire questions to prospective jurors with only limited counsel follow-up.

Respectfully submitted this 28th day of February, 2017.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: */s/ Charles Burcham*
Charles L. Burcham, Esq., SBN 2673
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882
Attorney for Defendant

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Thorndal Armstrong Delk Balkenbush & Eisinger, and that on this date I caused the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS AND PROPOSED ADDITIONAL SPECIAL VOIR DIRE QUESTIONS** to be served on all parties to this action by:

____   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail at Reno, Nevada.

__X__   United States District Court, District of Nevada CM/ ECF (Electronic Case Filing)

____   personal delivery

____   facsimile (fax)

____   Federal Express/UPS or other overnight delivery

fully addressed as follows:

**Luke Busby, Esq.**
**216 East Liberty Street**
**Reno, Nevada  89501**
*Attorney for Plaintiff*

DATED this 28th day of February, 2017.

          */s/ Laura Bautista*
An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER