UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHANIE RIDGWAY,  ) 3:15-cv-00002-HDM-WGC
 )
       Plaintiff, )
 ) ORDER
vs. )
 )
SUN VALLEY GENERAL IMPROVEMENT )
DISTRICT, )
 )
       Defendant. )
_____ )

On March 8, 2017, a jury found for the defendant and against the plaintiff in this action. Plaintiff Stephanie Ridgway filed a motion for a new trial. (ECF No. 54). Defendant Sun Valley General Improvement District filed an opposition (ECF No. 57) and plaintiff replied (ECF No. 58).

Federal Rule of Civil Procedure 59 permits a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). To obtain a new trial based on erroneous evidentiary rulings, the moving party must show that the rulings were both erroneous and substantially prejudicial. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

The plaintiff has failed to show that the court's evidentiary ruling regarding the alleged statement of the lifeguard was either erroneous or substantially prejudicial.

1    In her motion, the plaintiff argues for the first time that the
2    alleged statement that she shouldn't "feel bad [because]. . . [t]his
3    has happened before" or "that's not the first time that somebody's
4    gotten hurt" was not hearsay.  The court concludes that it was not
5    plain error to hold that these statements from an unnamed and
6    unidentified lifeguard constituted hearsay testimony.
7    Second, neither the plaintiff nor her witnesses were able to
8    identify the person or persons who allegedly made this statement.  In
9    fact, the plaintiff said she believed it was not the lifeguard sitting
10   at the corner of the pool.  There was no evidence that the
11   unidentified lifeguard had been sufficiently startled by the events
12   to qualify any alleged statement as an excited utterance.
13   Finally, the lifeguards testified at trial that on other
14   occasions swimmers entered the pool on the slide and struck the bottom
15   of the pool and injured their feet.  Therefore, direct evidence of
16   prior injuries was presented to the jury and the ruling of the court
17   precluding, on hearsay grounds, vague testimony by the plaintiff and
18   her witnesses about statements of unnamed lifeguards was not
19   substantially prejudicial to the plaintiff.
20   Any other arguments raised by plaintiff in her motion are without
21   merit.
22   Therefore, plaintiff's motion for a new trial (ECF No. 54) is
23   denied.
24   IT IS SO ORDERED.
25   DATED: This 24th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE

2